UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES A. MILLER, <br><br> Plaintiff, <br><br> v. <br><br> TAMI NAPIER, et al., <br><br> Defendants. | CAUSE NO. 3:21-CV-135-RLM-MGG |

OPINION AND ORDER

James A. Miller, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) The court must screen the complaint to determine whether it states a claim for relief. 28 U.S.C. § 1915A. The court must bear in mind that "[a] document filed pro se is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Miller's claims arise from a criminal case in Marshall County. He says he appeared by video for a pretrial hearing on January 13, 2021, during which time the prosecutor allegedly made statements to the judge about his cooperation with law enforcement. He claims that the prosecutor's statements put him at risk because another inmate from the jail was present during the video hearing and overheard what she said. Mr. Miller further claims that his public defender is doing a poor job for him and is disregarding his wishes. He claims that his attorney made negative comments about him to the prosecutor during this same video hearing because, Mr. Miller assumes, he didn't realize Mr. Miller could hear him. He sues the prosecutor and his public defender, seeking monetary damages for "the time I had to sit here in this jail," among other relief.

Mr. Miller's claims can't proceed. The prosecutor is entitled to immunity for her statements made to the judge in Mr. Miller's criminal case, even if Mr. Miller believes she acted improperly. *See* Imbler v. Pachtman, 424 U.S. 409, 410 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). His public defender isn't a state actor who can be sued for constitutional violations. Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

To the extent Mr. Miller is trying to assert a claim for wrongful prosecution or wrongful imprisonment, any such claim would be barred by Heck v. Humphrey, 512 U.S. 477 (1994), in which the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-487. The public docket in the state court case reflects that Mr. Miller was convicted of dealing in methamphetamine and related offenses in March 2021, and that he has been sentenced to an aggregate 40-year prison term.[1] *See* State v. Miller, No. 50D01-1901-F2-000001 (Marshall Sup. Ct. filed Jan. 18, 2019), available at https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6I

---

[1] The court can take judicial notice of public records in determining whether the complaint states a claim. *See* FED. R. EVID. 201; Tobey v. Chibucos, 890 F.3d 634, 647 (7th Cir. 2018).

lYyZEc5ZnJvcWJ6WlphanZtYUlwWlg2SFkzRUltdXprLXhzWThyZEQ2TncxIn (last visited May 3, 2021). He can't seek damages for wrongful imprisonment or pursue any other claim that would necessarily imply the invalidity of his conviction, unless and until his conviction is reversed on appeal, expunged, or otherwise declared invalid. There is no basis in Mr. Miller's complaint to presume any of those things has happened.

This complaint doesn't state a claim upon which relief can be granted. In the interest of justice, the court will allow Mr. Miller to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible claim, consistent with the allegations he has already made. *See* Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018); Luevano v. Wal-Mart, 722 F.3d 1014, 1022 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **June 4, 2021**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on May 4, 2021

                                                      s/ Robert L. Miller, Jr.
                                                      JUDGE
                                                      UNITED STATES DISTRICT COURT